**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Maldonado Ruelas,           ) | No. CV 04-2142-PHX-MHM (CRP) |
|                                    ) | |
|         Petitioner,                ) | **ORDER** |
|                                    ) | |
| vs.                                ) | |
|                                    ) | |
| Dora B. Schriro,                   ) | |
|                                    ) | |
|         Respondent.                ) | |
|                                    ) | |

Petitioner Ronald Maldonado Ruelas ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (Dkt.#1). The matter was referred to Magistrate Judge Charles R. Pyle who has issued a Report and Recommendation that recommends that the Petition be denied. (Dkt.#12). Petitioner has not filed any objection to the Report and Recommendation; however, Respondent objects not to the result, but to Magistrate Judge Pyle's recommendation that Petitioner's claim be deemed adequately presented in state court and not denied for lack of exhaustion. (Dkt.#14).

**I.      Standard of Review**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's

1 recommendation waives all objections to the judge's findings of fact." <u>Jones v. Wood</u>, 207
2 F.3d 557, 562 n.2 (9th Cir. 2000).

3 **II.    Discussion**

4     Because of the absence of any objection from Petitioner as to Magistrate Judge's
5 recommendation that Petitioner's claim of ineffective assistance of counsel be denied, the
6 Court will limit is inquiry, upon de novo review, as to whether Petitioner's ineffective
7 assistance of claim presented in his federal petition was properly exhausted in the Arizona
8 state courts before being raised in this Court.

9     As a general matter, prior to obtaining federal habeas relief under 28 U.S.C. § 2254,
10 a petitioner "must properly exhaust his state remedies by fairly presenting his federal claims
11 in the state courts and thereby giving those courts an opportunity to act on his claim."
12 <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1156-57 (9th Cir. 2003).  A petitioner's brief to the state
13 appellate courts must apprise that the petitioner is making a claim under the United States
14 Constitution and describe "both the operative facts and the federal legal theory on which his
15 claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling
16 legal principles to the facts bearing upon his constitutional claim." <u>Castillo v. McFadden</u>, 399
17 F.3d 993, 999 (9th Cir. 2005) (internal citations omitted).  The claims raised by a petition in
18 state court must be characterized "*specifically* as federal claims." <u>Id.</u> (quoting <u>Lyons v.</u>
19 <u>Crawford</u>, 232 F.3d 666, 670 (2000) (emphasis original).   To satisfy the exhaustion
20 requirement, the petitioner "must have either referenced specific provision of the federal
21 constitution or cited to federal or state cases involving the legal standard for a federal
22 constitution violation." <u>Id.</u> However, "general appeals to broad constitutional principles, such
23 as due process, equal protection, and the right to a fair trial" do not establish exhaustion.
24 <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999). "Nor is it enough to raise a state claim
25 that is analogous or closely similar to federal claim." <u>Castillo</u>, 399 F.3d at 999.

26     In applying this authority to this case, it is important to first review the language and
27 claims asserted by Petitioner in the state court proceedings.  In both the petition for post-

28

- 2 -

1 conviction relief and the petition for review by the Arizona Court of Appeals, Petitioner

2 articulated his "Basis for Requested Relief" as follows in pertinent part:

> 3 Pursuant to Rule 32, Arizona Rules of Criminal Procedure, the conviction in this matter was in violation of the Constitution of the United States and of the
> 4 State of Arizona because Mr. Ruelas was denied effective assistance of counsel on direct appeal pursuant to the United States and Arizona Constitutions.
>
> 5
> The United States Supreme Court has stated an attorney's assistance must be
> 6 "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441 (1970).

7 (Respondent's Answer, Dkt.#10, Exhibits W and Z).

8      Moreover, in the "Analysis" section in both briefs presented to the Arizona Court of

9 Appeals, the Petitioner, with respect to his ineffective assistance of counsel claim, asserted

10 in pertinent part:

> 11 The burden of proof is on the defendant to show ineffective assistance of counsel by a preponderance of the evidence. *State v. Prince*, 142 Ariz. 256,
> 12 260, 689 P.2d 515, 519 (1994). Following *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Arizona Supreme Court modified the test
> 13 necessary to establish ineffective assistance of counsel in Arizona and set forth a two-prong test.

14 (Id.).[1]

15      The Respondent asserts that the above language and references to certain federal and

16 state authority is not sufficient to identify the assertion of a federal claim before the Arizona

17 courts. The Respondent contends that the Petitioner's broad reference to the United States

18 Constitution is overly vague. Moreover, the Respondent contends that Petitioner's citation to

19 the federal authority of Strickland was cited only in the context of Petitioner's discussion for

20 the Arizona test for ineffective assistance of counsel. Finally, in opposition to the Magistrate

21 Judge's reliance upon the fact that Petitioner cited both the seminal federal case of Strickland

22 in the text of his brief along with Arizona authority which has adopted the Strickland test for

23 determining the merits of an ineffective assistance of counsel claim, the Respondent asserts

24 that such citation is irrelevant because "the citation [of such state cases] must be accompanied

---

[1] Nearly identical language also appears in Petitioner's petition for review before the Arizona Supreme Court. (Id., Exhibit CC).

- 3 -

1    by some clear indication that the case involves federal issues." <u>Casey v. Moore</u>, 386 F.3d 896,
2    912 (9th Cir. 2004) (Respondent Objection, Dkt.#14, p.4).

3          In reviewing the arguments advanced by the Respondent, the Court finds that the
4    Petitioner did sufficiently exhaust his federal Sixth Amendment claim based upon ineffective
5    assistance of counsel before the Arizona state courts.  First, as a general matter, unlike the
6    petitioner in <u>Casey</u>, the Petitioner in the instance case did make unequivocally clear in his
7    petition to the state appellate courts that he was asserting a federal claim.  For example, in
8    <u>Casey</u>, the petitioner referenced only state cases and did not use the term "federal" or
9    "Confrontation Clause;" rather the closest the petitioner came to asserting any federal claim
10   was his assertion of "constitutional error."  <u>Id.</u> at 911.  In the instant case; however, the
11   Petitioner did expressly reference that his claim was federal in nature.  For instance, as noted
12   above, the Petitioner stated that the conviction ... was in violation of the Constitution of the
13   United States ... because Mr. Ruelas was denied effective assistance of counsel on direct
14   appeal pursuant to the United States ... Constitution[]."   As such, out of the gate, Petitioner
15   made clear that his claims were federal in nature.  Moreover, unlike situation in <u>Casey</u>, where
16   the petitioner cited only state law cases dealing with both state and federal issues, <u>Id.</u> at 912
17   n.13, the Petitioner in the instant case expressly cited federal authority, <u>Strickland</u>, addressing
18   the standard to be used in evaluating Sixth Amendment claims based upon ineffective
19   assistance of counsel.  Although the Respondent contends that the <u>Strickland</u> case was cited
20   only in the context of a state law discussion, in light of the fact that Petitioner made clear at
21   the outset of his Petitioner the federal nature of his ineffective assistance of counsel claim, the
22   Court finds that this citation to such federal authority instructive in asserting a federal claim
23   in the state proceedings.    Finally, even in looking only to the state  cases cited by the
24   Petitioner, they sufficiently set forth the assertion of a federal claim before the state courts.
25   <u>See</u> <u>Castillo</u> *supra* (petitioner "must have either referenced specific provision of the federal
26   constitution or cited to federal or state cases involving the legal standard for a federal
27   constitution violation.").  For example, the citation by Petitioner to the Arizona Supreme
28

1. Court's decision in State v. Nash 143 Ariz. 392, 694 P.2d 222 (Ariz. 1985) is especially
2. instructive in light of the fact that in that case the Arizona Supreme Court expressly stated that
3. both the first and second prong of the federal test set forth in Strickland were adopted and
4. used by the Arizona courts. Id. at 397. Respondent contends that although the cases cited by
5. Petitioner to the Arizona court adopt the Strickland standard, such reference in and of itself
6. is not sufficient for exhaustion purposes because these cases deal with both federal and state
7. issues and thus the Petitioner was required to provide a "clear indication that the case involves
8. federal issues." Casey, 386 F.3d at 912. Again, this Court does not agree with the
9. Respondent's argument. Keeping in mind that the Petitioner asserted only one claim of
10. ineffective assistance of counsel before the state courts, the Petitioner's citation to the Nash
11. case, which expressly adopted the federal test in Strickland for Arizona state review is clearly
12. informative to the determination of whether Petitioner asserted a federal claim. Moreover,
13. not only did Petitioner cite a state law case expressly adopting the federal test, he also cited
14. the seminal federal case as well and identified at the outset of his petition before the state
15. appellate courts that he was asserting his ineffective assistance of counsel claim under the
16. scope of the United States Constitution. As such, the Court finds, upon de novo review of the
17. Magistrate Judge's recommendation, that the Petitioner did sufficiently exhaust his federal
18. claim in the state courts before asserting it in the instant Petition.
19. **Accordingly,**
20. **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
21. Recommendation in its entirety as the Order of the Court. (Dkt.#12).
22. **IT IS FURTHER ORDERED** that Respondent's Objection to the Report and
23. Recommendation is overruled. (Dkt.#14).
24. **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied
25. and dismissed with prejudice. (Dkt.#1).
26. DATED this 22nd day of May, 2007.
27.
28.
_____
Mary H. Murguia
United States District Judge